UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO. 08-104-GFVT

UNITED STATES OF AMERICA,                                                                 PLAINTIFF,

V.          **MAGISTRATE JUDGE'S REPORT
            & RECOMMENDATION**

MARVIN LEWIS,                                                                             DEFENDANT
                                                                                                 .

\*\*\* \*\*\* \*\*\* \*\*\*

The Defendant, Marvin Lewis, brings this action pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. [R. 58]. Consistent with local practice, the matter is before the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the Court recommends that Lewis' motion be DENIED.

I. FACTUAL & PROCEDURAL BACKGROUND

Beginning in January, 2007, and continuing through November, 2007, Lewis began soliciting payments for legal services to federal inmates and/or families of federal inmates. [R. 1]. As part of the scheme and artifice to defraud, Lewis would identify federal inmates housed within the Eastern District of Kentucky. [R. 1]. He would then contact these inmates through the United States mail or a commercial mail carrier utilizing a newsletter that solicited payments for legal services to be provided by a company identified as National Legal Services Network Inc. [R. 1]. Lewis also maintained a website which solicited payment in exchange for legal services performed by National Legal Services Network Inc. [R. 1].

As part of the operation, Lewis claimed that, in exchange for a monetary payment, he and others employed by National Legal Services Network Inc. could get the inmates' prison sentence reduced, remanded, or vacated. [R. 1]. The inmate and/or the inmate's family members would then contact Lewis and make payment to him in exchange for legal services. [R. 1]. Moreover, Lewis made material misrepresentations regarding the educational background and experience of individuals employed by the National Legal Services Network Inc., Lewis' prior background in handling post-conviction claims, and the prior success of his previous company in reducing or vacating the sentence of numerous federal inmates. [R. 1].

Furthermore, Lewis failed to advise inmates and/or their families who secured his services of the following material facts: Lewis was a convicted felon who had himself served time in federal prison; he had no formal legal training and was not licensed as an attorney, paralegal, or other legal professional; and he was not authorized to make legal filings on behalf of other individuals. [R. 1]. During the alleged time frame, Lewis received payment from numerous federal inmates and/or their families to provide federal post-conviction legal services, despite the fact that Lewis did not provide any legal services for said inmates. [R. 1].

During Lewis' scheme to defraud, he caused approximately thirty (30) payments in the amount of approximately $86,500 to be conveyed to Marvin Lewis, or National Legal Services Network, Inc., for unperformed legal services. [R. 1]. Marvin Lewis was convicted following his guilty plea of mail fraud, in violation of 18 U.S.C. § 1341. [R. 67]. On January 14, 2010, the United States District Court for the Eastern District of Kentucky sentenced Lewis to fifty (50) months imprisonment, to be followed by three (3) years of supervised release, and ordered him to pay $86,500 in restitution. [R. 67].

Although Lewis initially filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit [R. 45], he later filed a motion to voluntarily dismiss the appeal. [R. 56]. On February 1, 2001, Lewis filed the current motion to vacate his sentence under 28 U.S.C. § 2255. [R. 58]. In his motion, Lewis contends that his attorney performed ineffectively by failing to challenge the amount of restitution at rearraignment and sentencing. [R. 58]. As a result, Lewis argues that the amount of restitution resulted in the increased sentence of fifty (50) months. [R. 58].

## II. WAIVER OF THE RIGHT TO APPEAL & COLLATERAL ATTACK

Lewis' signed plea agreement contains a provision which states that "[t]he Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction, including any order of restitution." [R. 38]. Lewis explicitly states that he is not challenging the validity of the guilty plea nor claiming actual innocence. [R. 69]. Instead, Lewis asserts that he is challenging the increased sentence as a result of the restitution amount. [R. 69]. The United States argues that the waiver mandates the dismissal of Lewis' § 2255 motion. [R. 67]. Therefore, the Court must determine whether Lewis may collaterally attack his sentence by challenging the restitution order; the same order of restitution he waived as part of the plea agreement. For the reasons below, the Court will recommend Lewis' motion be denied.

It is well settled that a defendant "may waive any right, even a constitutional right, by means of a plea agreement." United States v. Toth, 668 F.3d 374, 377 (6th Cir. 2012) (quoting United States v. Calderon, 338 F.3d 197, 199 (6th Cir. 2004). The Court performed a detailed colloquy with Lewis to make sure that he understood the consequences of the waiver provision in the plea agreement. [R. 53]. At no point during the colloquy did Lewis voice any concern, confusion, or misunderstanding about the waiver provision. [R. 53]. The Court ultimately determined that Lewis'

3

waiver of the right to appeal and right to collateral attack, including the order of restitution, was knowing and voluntary. [R. 53].

Lewis contends that he always challenged the issue of restitution at every proceeding. [R. 58; R. 69]. However, this is clearly contradicted by the record. For instance, Lewis insists that the Court was "fully aware" of his concerns about the amount of restitution when it made the following comment at the rearraignment proceeding: "There's going to be perhaps fairly complicated restitution involved in this particular case, but we'll try to give you the worst case scenario, give you kind of the maximum kinds of penalties that you could face in this particular case." [R. 58]. Lewis argues that this statement by the Court proves that he consistently raised the issue of restitution. [R. 58; R. 69]. Moreover, Lewis asserts that the statement by the Court shows he was confused, and that the Court knew the restitution amount was wrong. [R. 58; R. 69].

Lewis is mistaken about the context in which the Court made the aforementioned statement. It is important to read the statement in its entirety, as follows:

> And finally, you need to understand the consequence of pleading guilty. I'm not going to try to predict what your sentence is today. We can't know with any certainty exactly what the sentence is. There's going to be perhaps fairly complicated restitution involved in this particular case, but we'll try to give you the worst case scenario, give you kind of the maximum kinds of penalties that you could face in this particular case.

[R. 53, Rearraignment Transcript at 7]. As part of the plea process, the Court was required to inform Lewis of, and determine that he understands, a number of issues. One such issue was the possible penalty he faced by entering a guilty plea. Federal Rules of Criminal Procedure 11(b)(1)(H) states the following:

> (b) Considering and Accepting a Guilty or Nolo Contendere Plea.
>     (1) Advising and Questioning the Defendant. Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the

4

> court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
> > (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

Fed.R.Crim.P. 11(b)(1)(H). The Court did not agree with Lewis that the amount of restitution was wrong; instead, it followed the required format set forth by the Federal Rules of Criminal Procedure when accepting a guilty plea. Lewis' contention that he always challenged the issue of restitution, and that the Court agreed that the amount of restitution was too high is incorrect and refuted by the record.

Marvin Lewis knowingly and voluntarily waived the right to appeal and the right to collaterally attack his guilty plea and conviction, including any order of restitution. He does not challenge the validity of the plea and, notwithstanding the fact that he preserved the right to appeal his sentence, he cannot now challenge his sentence by attacking the order of restitution he knowingly and voluntarily waived. Therefore, this Court recommends that Lewis' motion be denied.

In a separate but related matter, Lewis requested an evidentiary hearing on the same issue the Court discussed above: the fifty (50) month sentence based on the order of restitution. [R. 69]. However, an evidentiary hearing is not needed because the Court was able to determine its recommendation based on the pleadings. The Sixth Circuit has observed that a § 2255 petitioner's "burden 'for establishing an entitlement to an evidentiary hearing is relatively light.'" Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003) (quoting Turner v. United States, 183 F.3d 474, 477 (6th Cir. 1999)). However, no hearing is required if the movant's allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999); Peavy

v. United States, 31 F.3d 1341, 1345 (6th Cir. 1994). In this case, Lewis waived his right to appeal and right to collaterally attack the guilty plea and conviction, including any order of restitution. [R. 38]. Therefore, Lewis' motion is barred by his waiver, and no evidentiary hearing is necessary.

### III. CONCLUSION

For the reasons set forth above, it is recommended that the Lewis' Motion to Vacate, Set Aside, or Correct Sentence [R. 58] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed April 9, 2012



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge