UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 08-104-GFVT |
| Plaintiff/Respondent, ) | Civil No. 11-157-GFVT |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| MARVIN LEWIS, ) | **ORDER** |
| ) | |
| Defendant/Movant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Marvin Lewis convinced inmates in the Eastern District of Kentucky that, in exchange for payment, he could help them get their sentences reduced, remanded, or vacated. [R. 73 at 1]. Toward this end, he received about thirty payments totaling about $86,500. [*Id*. at 2]. Regrettably, Lewis was also an inmate, who had no legal training, was not authorized to make legal filings, and did not actually provide legal services to help the other inmates with their sentences. [*Id*.] Lewis pled guilty of mail fraud in violation of 18 U.S.C. § 1341, and this Court sentenced him to fifty (50) months in prison with three (3) years of supervised release and ordered him to pay $86,500 in restitution. [*Id*.] Now, it is Lewis who is petitioning the Court to have his own sentenced reduced, remanded, or vacated under 28 U.S.C. § 2255. Specifically, Lewis claims that his attorney was ineffective for failing to challenge the amount of restitution at his rearraignment and sentencing proceedings.

Consistent with local practice, this motion was referred to United States Magistrate Judge Edward B. Atkins for a Recommended Disposition. In his Report and Recommendation, Judge

Atkins concludes that the Petitioner is not entitled to the relief sought because he knowingly waived his right to appeal and to collateral attack the guilty plea and conviction, including any order of restitution. [*Id*. at 5].

Pursuant to Fed. R. Civ. P. 72(b)(2) a petitioner has fourteen days from the date of service to register his objections to the Report and Recommendation or else waive his rights to appeal. When a petitioner does raise a specific objection, this Court conducts a *de novo* review of the disputed portion of the Magistrate's recommendation. 28 U.S.C. § 636(b)(1)(c). In order to receive *de novo* review by this Court, any objection to the Report and Recommendation must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309 at *2 (6th Cir. 1997) (unpublished opinion)).

Marvin Lewis provides several specific objections to the Magistrate's Recommendation. First, Lewis claims that the Magistrate was "one-sided in this case for the parties who lost money in this scheme." [R. 79 at 2]. Second, he argues that the amount of restitution ordered by the Court was too high and calculated arbitrarily. He notes that while he has objected to the amount of restitution throughout all of his proceedings, his attorneys failed to effectively challenge that point. Finally, Lewis claims that this Court was aware throughout the hearings that he was confused and attempting to challenge the amount of restitution, but imposed the restitution anyway.

Each of these objections are resolved by simply reviewing Lewis's own words at his rearraignment proceeding, which was transcribed verbatim and placed in the record. [R. 53]. At that proceeding, Lewis confirmed to the Court, under oath, that he had received the indictment in

his case and that he had a sufficient amount of time to discuss it with his lawyer. [*Id*. at 21-22]. That indictment stated that Lewis had caused $86,500 to be conveyed to him for unperformed legal services. [R. 1 at 3]. When asked by the Court, Lewis also confirmed that he had received, read, understood, and signed the plea agreement in his case. [R, at 23]. The Court then required the Assistant United States Attorney to provide a verbal summary of the paragraphs of the plea agreement. The AUSA stated for the record that the plea agreement contained a factual summary that Lewis agreed the United States could prove at trial, a waiver of Lewis's right to appeal or collaterally attack any order of restitution, and an agreement that Lewis would "pay restitution in the amount totaling approximately $86,500." [R. 53 at 26]. A review of the plea agreement shows this to be an accurate summary of these provisions. The factual recitation in Paragraph 3 states that "the Defendant did cause approximately 30 payments in the amount of approximately $86,500 to be conveyed to Marvin Lewis…" [R. 38 at 3]. Paragraph 8 states that "the Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction, including any order of restitution." [*Id*. at 4]. Paragraph 9 of the plea agreement states that "[t]he Defendant agrees to pay restitution in the amount totaling $86,500…" [*Id*.]. The final paragraph is an acknowledgement that "the Defendant understands this agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary." [*Id*. at 5]. Marvin Lewis personally signed this plea agreement.

After the United States provided this summary of the plea agreement, the Court asked the following question: "Mr. Lewis, is that consistent with your understanding of what you've agreed to in this particular case?" [R. 53 at 27]. If ever there was a perfect moment for Marvin Lewis to object to the restitution amount, ask for clarification, or inquire into the operation of his

3

waiver, this would seem to be it. After all, the Court ordered a competency evaluation to ensure that Lewis was able to understand this process and provided him with the following assurance at the beginning of the proceeding:

> Now, it's very important that you understand these proceedings. If you have any questions as we go forward, please feel free to ask me. We'll take whatever time's necessary to answer those questions.

[R. 53 at 7]. Nevertheless, when asked if the United States' summary of the plea agreement was consistent with his understanding, Marvin Lewis responded, "[y]es, sir." [R. 53]. The Court then asked several follow-up questions to Lewis to ensure that he did, in fact, understand various parts of the agreement. Concerning the paragraph in the plea agreement waiving certain appeal rights, the Court engaged in the following colloquy with Lewis:

> THE COURT: Now, you've waived some of your appeal rights, and let me just make sure you've focused adequate attention on that. If you look at paragraph number 8, you've waived your right to appeal and the right to attack collaterally your guilty plea and conviction, including the order of restitution, which as you know, there will be restitution in this case. Do you recall that provision from your plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. And did you discuss that provision with your lawyer?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. And did she explain the consequence of waiving those appeal rights?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. Ms. Bonham, do you think your client understands the consequence of waiving those appeal rights?
>
> MS. BONHAM: Yes, Judge. In fact, we talked at length about the fact that he has retained his right to appeal his sentence.

> THE COURT: Well, based on the representations of Ms. Bonham, the responses provided to me by Mr. Lewis, I do find that the waiver of appeal and collateral attack as to the conviction, guilty plea and any order of restitution, it's knowing, it's voluntary, and I do think you understand the consequences of that waiver.

[R. 53 at 34].

In light of Lewis's own comments from his rearriagnment proceedings and the plea agreement that he signed, it is clear that his objections to the Magistrate's Recommended Disposition are not meritorious. "It is well settled that a defendant 'may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Toth*, 668 F.3d 374, 377-78 (6th Cir. 2012) (*United States v. Calderon,* 388 F.3d 197, 199 (6th Cir.2004)). In his plea agreement, Marvin Lewis expressly agreed to waive his right to collaterally attack any order of restitution. He was reminded of this by both the United States and this Court during the rearraignment proceeding, and Lewis reaffirmed that he agreed to this waiver. The Court made every effort to ensure that Lewis clearly understood what was at stake in this provision, but he did not ask a question or raise a single concern about the waiver or amount of restitution. Thus, Lewis's arguments that he has always objected to the restitution amount and that he did not understand what was happening at the hearing are unavailing. Lewis knowingly and voluntarily waived his right to collaterally attack an order of restitution. Therefore, the Magistrate Judge correctly determined that he cannot now collaterally attack the Court's sentence based on an order of restitution.

Counter to Lewis's objection, the Magistrate reached this conclusion in a measured opinion that did not take a "one-sided approach." [R. 79 at 2]. It is true that Magistrate acknowledged the fact that Lewis defrauded other prisoners in the amount of $86,500. However, this is no more than what Lewis himself has said under oath. As previously discussed, Lewis

signed a plea agreement in which he admitted defrauding victims out of $86,500, and in which he agreed to pay $86,500 in restitution. [R. 38 at 3-4]. Since Lewis agreed to these facts under oath, it does not show favoritism to the victims when the Magistrate refers to them in his Recommended Disposition.

Additionally, the Magistrate Judge correctly concluded that no hearing is necessary to address the restitution issue. In the context of a petition made under § 2255, an evidentiary hearing is required unless "the record conclusively shows that the petitioner is entitled to no relief." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citing *Blanton v. United States,* 94 F.3d 227, 235 (6th Cir.1996). As shown above, the record clearly reflects that Lewis has waived his right to collaterally attack the order of restitution. Since he no longer has the right to collaterally attack the order of restitution, the Court need not hold a hearing to consider the amount of restitution. Therefore, Lewis's objection on this ground shall be overruled as well.

Finally, the Court notes that after Lewis objected to the Magistrate's Report and Recommendation, he proceeded to file other motions into the record of this case. The first is a "Motion to Modify or Correct Sentence Pursuant to Rule 35."[R. 93]. Therein, Lewis provides a timeline of certain filings in this case, but it is unclear as to the exact relief that he seeks. Further, since Rule 35 motions must be filed within fourteen (14) days of sentencing, this motion is untimely and must be denied. Fed.R.Crim.Pro. 35(a). In a motion styled as a "Motion for Jail Time Credit," Lewis accuses the Court of lying to him, participating in a cover-up, violating the plea agreement, and tricking him into pleading guilty. [R. 97]. However, Lewis fails to clearly articulate how the Court misled him or upon what legal ground he brings the motion. As a result, that motion shall also be denied.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. The Magistrate's Recommended Disposition [R. 73] as to Marvin Lewis is **ADOPTED** as and for the Opinion of the Court;

2. Lewis's Motion to Vacate, Set Aside, or Correct Sentence [R. 58] is **DENIED;**

3. Lewis's Motion to Modify or Correct Sentence Pursuant to Rule 35 [R. 93] is **DENIED**;

4. Lewis's Motion for Jail Time Credit [R. 97] is **DENIED**; and

5. A Certificate of Appealability is **DENIED**; and

6. **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith and this matter will be **STRICKEN** from the Court's active docket.

This 18th Day of September, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge